**IN THE UNITED STATES DISTRICT COURT**
**FOR DISTRICT OF OREGON**

| | |
|---|---|
| NAPHTALI RENSHAW; SUSAN BARNHART; TYRRAS WARREN; MICHAEL CARRIGAN; CHRISTOPHER ROMPALA; and CHARLES AREFORD; | CASE NO. 6:26-cv-1127-MTK<br><br>THIRD DECLARATION OF MARIANNE DUGAN IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION AND TRO |

Plaintiffs,

v.

GENERAL SERVICES
ADMINISTRATION,

Defendants.

I am one of the attorneys for Plaintiffs in this case. I make the statements in this declaration based upon my personal knowledge. I am competent to testify to the matters stated herein.

In 2014, I was co-counsel for plaintiffs in a case called *Occupy Eugene v. U.S. General Services Admin.,* D. Or. No. 6:12-CV-02286-MC. That case involved a dispute over protesters' right to use the Free Speech Plaza/courtyard that is at the heart of the current lawsuit. In the process of doing research for that lawsuit, I reviewed what was at that time on the official website for the General Services Administration (GSA), which is the defendant in both lawsuits. At that time (viewed in April 2014), the GSA had a website dedicated to the Eugene Federal Building, which stated:

> The Eugene Federal Building and Courthouse played a significant civil role in the early 1970s and during the Vietnam War. The plaza was and remains a favored venue as a stage for protests against the government's policies. There is demonstration activity weekly. Large demonstrations occurred in the spring of 2003, over the U.S. invasion of Iraq, in 1991, with a demonstration against the U.S. invasion of Kuwait and in 1992, due to the Rodney King beating.  Most of the demonstrations are peaceful and without violence or arrests. The plaza has become a community focal point for citizen gatherings

1   -   THIRD DECLARATION OF DUGAN IN SUPP. OF MO FOR PI & TRO

of many types. The courtyard was designed for people to congregate and be part of outdoor events and venues. The courtyard design was not intended for political demonstrations, but it has gained cultural and political significance due to these activities.

At that time (April 2014), the website containing that language was http://www.gsa.gov/portal/ext/html/site/hb/category/25431/actionParameter/exploreByBuilding/buildingId/1144#. We copied and pasted that language, and the URL into the brief we filed in April 2014 in support of our motion for summary judgment. Exhibit J (attached) at 2-3 (pages 3-4 of the brief, n. 1).

In doing research for this current case, I located that April 2014 brief, copied and pasted the URL from that footnote into a web browser, and was chagrined to see that that URL now results in the following message: "We apologize for the inconvenience . . . The page you're looking for may have gone offline or does not exist."

With the help of someone familiar with how to use the "Wayback Machine" (*see* https://en.wikipedia.org/wiki/Wayback_Machine), I located an archived copy of that GSA website, at https://web.archive.org/web/20160303173759/http://www.gsa.gov/portal/ext/html/site/hb/category/25431/actionParameter/exploreByBuilding/buildingId/1144# ("Significance" tab, 7th paragraph). I used that citation in our Motion for Preliminary Injunction and TRO, and copied and pasted the language from that archived website into the brief. Dkt 4 at 4-5.

Attached to this Declaration is Exhibit J -- Excerpt of Plaintiff's brief in *Occupy Eugene*.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

       /s/ Marianne Dugan     
       Marianne Dugan

2  -  THIRD DECLARATION OF DUGAN IN SUPP. OF MO FOR PI & TRO