Lauren C. Regan (OSB # 970878)
Civil Liberties Defense Center
259 East 5th Avenue, Suite 300-A
Eugene, Oregon 97401
Ph: 541.687.9180
Fax: 541.686.2137
Email: lregan@cldc.org

Marianne Dugan (OSB # 932563)
259 E. 5th Ave., Suite 200-D
Eugene, OR 97401
Ph: 541.338.7072
Fax: 866.650.5213
Email: mdugan@mdugan.com

      Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| OCCUPY EUGENE; FLORENCE SEMPLE; and TERREL PURVIS, | Case No. 6:12-CV-02286-MC |
| Plaintiffs, | PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT |
| v. | |
| UNITED STATES GENERAL SERVICES ADMINISTRATION ("GSA"); WAYNE C. BENJAMIN, Regional Director, GSA, in his individual and official capacities; KIMBERLY GRAY, Associate Director, in her individual and official capacities; and DAN M. TANGHERLINI, Acting Administrator, GSA, in his individual and official capacities, | |
| Defendants. | |

PAGE i - PLAINTIFFS' MEMORANDUM IN SUPPORT OF SUMMARY JUDGMENT

EXHIBIT J -- PAGE 1

Occupy Eugene describes itself as a protest movement focused on democracy, economic security, corporate responsibility, and financial fairness, and is comprised of local citizens dedicated to "a nonviolent movement for accountability in the United States government. . ." http://occupyeugenemedia.org/contact/.  First Amended Complaint, ¶ 5 (Doc. 19) (hereinafter "FAC").  From October 15, 2011, until late 2012, OE had maintained a protest "occupation" site at various locations around the City. FAC, ¶ 17.  Plaintiffs Semple and Purvis are longtime members of OE and have participated in numerous OE protests, including constitutional challenges to GSA's evictions that led to their arrests, prosecutions, and ultimate federal dismissals by the U.S. Attorneys office.  FAC, ¶ 6-7; 44, 48, 50-56; *United States v. Florence Semple*; CVB NO. 3127905 (D. Or. November 8, 2012); *United States v. Terrill Purvis*, CVB No. 3127906 (D. Or. April 26, 2013).  Purvis was also a permit signatory.  FAC, ¶ 27; AR 14, 28.

The basic facts of this case are set out in the court's December 3, 2013 opinion, as follows:

> On May 1, 2012, plaintiffs and approximately ten to twenty-five other members of OE assembled at the plaza of the Eugene Federal Building (Plaza).[1] OE selected the Plaza because it "has always been a lawful place for demonstrat[ors] and picketers to

---

[1] The federal website regarding this location states:  The Eugene Federal Building and Courthouse played a significant civil role in the early 1970s and during the Vietnam War. The plaza was and remains a favored venue as a stage for protests against the government's policies. There is demonstration activity weekly. Large demonstrations occurred in the spring of 2003, over the U.S. invasion of Iraq, in 1991, with a demonstration against the U.S. invasion of Kuwait and in 1992, due to the Rodney King beating.  Most of the demonstrations are peaceful and without violence or arrests. The plaza has become a community focal point for citizen gatherings of many types. The courtyard was designed for people to congregate and be part of outdoor events and venues. The courtyard design was not intended for political demonstrations, but it has gained cultural and political significance due to these activities. Http://www.gsa.gov/portal/ext/html/site/hb/category/25431/actionParameter/exploreByBuilding/buildingId/1144#.  FAC ¶ 5.

PAGE 3 - PLAINTIFFS' MEMORANDUM IN SUPPORT OF SUMMARY JUDGMENT

congregate." *Id.* at ¶ 18 [*Id.* references in the opinion are to OE's FAC]. Additionally, the Plaza is "located on a highly-visible, busy street corner [and] is adjacent to courthouses, federal, state, and municipal political offices . . . ." *Id.*

Shortly after OE arrived at the Plaza, the group set up a tent to use as a prop to draw attention to the issue that homeless people did not have a place to legally sleep during the night. Officer Thomas Keedy of the Federal Protective Services (FPS) instructed OE that they could not set up a tent or sleep at the Plaza, but they were welcome to stay as long as they would like. OE complied with Officer Keedy's instructions.

In addition, Officer Keedy asked if a member of OE would be a contact person for the group and sign a U.S. General Services Administration (GSA) permit application. Plaintiff Terrill Purvis (Purvis) agreed to be the point of contact and accepted the permit application. The group, however, was reluctant to apply for a permit because some members of OE knew that the GSA had not previously required protesters to apply for permits. Nevertheless, on May 2, OE submitted a standard sixty-day permit application to Officer Keedy. [AR 28].  OE's application requested continuous, non-exclusive use of the Plaza from May 1 through July 1 for up to sixty people for a First Amendment demonstration. After Officer Keedy reviewed the application for potential security impacts, the GSA approved plaintiffs' permit application as requested.

OE used the Plaza without any major incidents and according to the permit guidelines. However, on June 6, when a member of OE contacted Officer Keedy about a sound permit for an upcoming event at the Plaza, Officer Keedy informed the member that she would need to contact the local GSA manager. Officer Keedy said that "the rules for permits had been changed by the GSA due to the fact that the GSA had 'bad' experiences with other Occupy groups in other areas." (FAC ¶ 33.)

During the period that OE occupied the plaza, OE shared the space with other groups and individuals (both permitted and not) that regularly use the federal plaza as a place to gather and assert their first amendment rights. OE and these groups shared this space without incident. FAC ¶ 6-7; AR 377-404.

Near the end of the initial sixty-day permit period, defendant Wayne Benjamin (Benjamin) informed OE that, due to problems with other Occupy groups, the group's renewed permit would only last thirty days and have new restrictions. One of the new restrictions Benjamin informed OE about was that they could only use the Plaza from 8 a.m. until 5 p.m., Monday through Friday. [AR 25]. On June 27, OE filed an application to renew its permit in order to extend their use of the Plaza through July. [AR 24].  OE requested the same unrestricted terms of the initial permit. After OE protested the 8 a.m. to 5 p.m. restrictions, Benjamin amended the hours of assembly to 7 a.m. to 10 p.m., seven days a week. [AR 16].  On June 30, OE informed the GSA that it disagreed with the restrictions and planned to remain at the Plaza without a permit. [AR 18].

PAGE 4 - PLAINTIFFS' MEMORANDUM IN SUPPORT OF SUMMARY JUDGMENT

plaintiffs.  Their protest was completely shut down; they were arrested and federally prosecuted twice; and the new permitting rules continue to be thrust upon them when they desire to assemble upon this traditional public forum.

The guidance was issued without notice and an opportunity to comment.  The guidance – and the application of the guidance to the plaintiffs – therefore violates the APA.

**CONCLUSION**

For the foregoing reasons, the court should grant OE's Motion for Summary Judgment and  enter injunctive relief against defendants' regulations and permitting scheme, which violate the APA because 1) they are unconstitutional and 2) were issued without notice and opportunity to comment.

Respectfully submitted April 18, 2014.

CIVIL LIBERTIES DEFENSE CENTER
  /s/ Lauren C. Regan
Lauren C. Regan (OSB # 970878)
259 East Fifth Avenue, Suite 300A
Eugene, OR 97401
Ph: 541.687.9180
Email: lregan@cldc.org

  /s/  Marianne Dugan
Marianne Dugan (OSB # 932563)
259 E. 5th Ave., Suite 200-D
Eugene, OR 97401
Ph: 541.338.7072
Email: mdugan@mdugan.com

Attorneys for Plaintiffs

EXHIBIT J -- PAGE 4