**SCOTT E. BRADFORD, OSB #062824**
United States Attorney
District of Oregon
**JAMES A. BLUM, OSB #257369**
**TSECHU DOLMA, WSBA #64665**
Assistant United States Attorneys
james.blum@usdoj.gov
tsechu.dolma@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204-2936
Phone: (503) 727-1000
Attorneys for Defendant

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| NAPHTALI RENSHAW; SUSAN BARNHART; TYRRAS WARREN; MICHAEL CARRIGAN; CHRISTOPER ROMPALA; and CHARLES AREFORD, | Case No. 6:26-cv-01127-MTK |
| Plaintiffs, | DEFENDANT GSA'S MOTION TO EXTEND PRELIMINARY INJUNCTION DEADLINE |
| v. | |
| GENERAL SERVICES ADMINISTRATION, | |
| Defendant. | |

## LOCAL RULE 7-1 CERTIFICATION

Undersigned Counsel for Defendant General Services Administration (GSA) certify that, in compliance with LR 7-1, the parties made a good faith effort through telephone conference to resolve their dispute and have been unable to do so. L.R. 7-1(a)(1)(A). Plaintiffs' counsel communicated that Plaintiffs take no position and do not intend to file a responsive brief.

Page 1    **Motion to Extend Preliminary Injunction Deadline**

## MOTION

Defendant moves this Court to extend Defendant's deadline to remove the security fence surrounding the Eugene Federal Office Building (Federal Building), for good cause, by up to eleven days, from June 24, 2026, to July 5, 2026. Fed. R. Civ. P. 6(b)(1). This Motion is supported by the following Memorandum.

## MEMORANDUM

On the afternoon of June 22, 2026, the Court granted Plaintiffs' Motion for a Preliminary Injunction and "order[ed] the removal of the perimeter fencing [surrounding the Federal Building] within 48 hours." Min. Ord., ECF No. 31. Since the Court issued its Order, Defendant has worked diligently to comply. Attached to this Motion as Exhibit A is the Declaration of Ryan Anderson, which details the specific steps Defendant has taken.

Following the Court's Order on June 22, 2026, GSA conferred with its Contracting Officer and Project Manager to generate a timeline for removal of the security fence. Exhibit A, ¶ 4. In addition, Defendant identified the necessity of obtaining an approval traffic-control plan from the City of Eugene to block portions of Pearl and 7th Streets—this would allow space for decommission of the security fence, pallet stacking, and the movement of concrete blocks. *Id.* ¶ 5. Further, GSA determined that a heavy-duty, all-terrain forklift would be required to move the concrete blocks during nighttime hours (7:00 P.M. to 7:00 A.M.). *Id.* ¶ 6. Finally, Federal Protective Services and Eugene Police Department would need to coordinate to ensure a safe work environment for contractors. *Id.* ¶ 7. GSA was able to facilitate most of these arrangements in time to comply with the Court's Order; however, permitting and final scheduling of the contractors could take up to eleven days (specifically, up to ten days for the permit and one more day after receipt of the permit to schedule the contractors). *Id.* ¶¶ 8-12.

**Page 2        Motion to Extend Preliminary Injunction Deadline**

Under Fed. R. Civ. P. 6(b)(1), "[w]hen an act . . . must be done within a specified time, the court may, for good cause, extend the time . . . before the original time . . . expires." There is good cause for an extension of time to comply with the Court's Order. Defendant has worked diligently to arrange for the removal of the security fence, and it has now provided the Court a specific number of days necessary to comply. This represents the time Defendant needs to remove the security fence while (1) comporting with a municipal public-safety permitting scheme; and (2) allowing the final scheduling of the contractor, which is contingent on the permit approval. Absent an extension of time, Defendant will face the prospect of contempt. Yet, Defendant has not acted with delay, obstinance, or neglect. Rather, removal of the security fence by the current deadline would be impossible for reasons outside Defendant's control. *See generally United States v. Rylander*, 460 U.S. 752, 757 (1983) ("In a civil contempt proceeding . . . , a defendant may assert a *present* inability to comply with the order in question."); *FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1239 (9th Cir. 1999) ("A party's inability to comply with a judicial order constitutes a defense to a charge of civil contempt.").

## CONCLUSION

For the reasons stated, Defendant asks this Court to extend its deadline for complying with the Court's Order, for good cause, by up to eleven days, from June 24, 2026, to July 5, 2026.

DATED this 23rd day of June 2026.

SCOTT E. BRADFORD
United States Attorney
District of Oregon

/s/ James A. Blum
JAMES A. BLUM
Assistant United States Attorney

/s/ Tsechu Dolma
TSECHU DOLMA

**Page 3**      **Motion to Extend Preliminary Injunction Deadline**

Assistant United States Attorney

Attorneys for Defendant