**SCOTT E. BRADFORD, OSB #062824**
United States Attorney
District of Oregon
**JAMES A. BLUM, OSB #257369**
**TSECHU DOLMA, WSBA #64665**
Assistant United States Attorneys
james.blum@usdoj.gov
tsechu.dolma@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204-2936
Phone: (503) 727-1000
Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| NAPHTALI RENSHAW; SUSAN BARNHART; TYRRAS WARREN; MICHAEL CARRIGAN; CHRISTOPER ROMPALA; and CHARLES AREFORD, | Case No. 6:26-cv-01127-MTK |
| Plaintiffs, | DEFENDANT GSA'S MOTION FOR A STAY OF PRELIMINARY-INJUNCTION ORDER PENDING APPEAL |
| v. | |
| GENERAL SERVICES ADMINISTRATION, | |
| Defendant. | |

LOCAL RULE 7-1 CERTIFICATION

Defendant General Services Administration (GSA) attempted to contact Plaintiffs' counsel on June 30, 2026, at 6:41 P.M., 7:11 P.M., 9:56 P.M., and 10:26 P.M. (via email to set up a call) and on July 1, 2026, at 8:20 A.M and 8:43 A.M. (by phone to counsel's office). However,

**Page 1      Motion for a Stay of Preliminary Injunction Order Pending Appeal**

Plaintiff's counsel did communicate by email that they oppose the motion. Thus, Defendant has not yet met and conferred with Plaintiffs' counsel by telephone. However, given the time constraints that bear on this matter, and the information communicated by Plaintiff's counsel by email, Defendant believes it has made a good-faith effort to confer.

## MOTION

Defendant moves this Court to stay its Order Granting a Preliminary Injunction, ECF No. 42, pending appeal of that Order to the United States Court of Appeals for the Ninth Circuit. Defendant makes this Motion under Fed. R. Civ. P. 62, as required by Fed. R. App. P. 8(a)(1). This Motion is supported by the following Memorandum.

## MEMORANDUM

In *Nken v. Holder*, 556 U.S. 418, 434 (2009), the Supreme Court outlined four factors a court must consider when deciding whether to grant a stay pending appeal. They are: (1) whether the stay applicant has made a strong showing of a likelihood of success on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and (4) where the public interest lies. Under the *Nken* test, the Court should stay its Order pending Defendant's appeal.

Under the first factor, Defendant has made a strong showing of a likelihood of success on the merits. Defendant's construction of a security fence did not violate Plaintiffs' First Amendment rights. Importantly, this case involves generally applicable restrictions on physical access to federal property. In any event, any ancillary effects on expression occasioned by the fence were reasonable in light of vandalism to the Eugene Office Building, harassment of employees and members of the public using that property, and ongoing security renovations to help protect the property from further damage.

**Page 2        Motion for a Stay of Preliminary Injunction Order Pending Appeal**

Under the second factor, Defendant will be irreparably injured without a stay. First, imminent removal of the security fence will expose the property to the very types of harms that the fence was erected to prevent. Second, GSA's removal of the security fence is a significant expense that GSA will be unable to recover if it is ultimately successful on.

Under the third factor, Plaintiffs will not be substantially injured by a stay. The stay would be a temporary measure to allow the Ninth Circuit time to consider Defendant's appeal of the Court's Order. Plaintiffs waited over a month after the security fence was built to bring their lawsuit and Motion for a Preliminary Injunction, even though they were aware in February 2026 that GSA planned to build the fence. Plaintiffs' delay in pursuing extraordinary equity undermines any argument that a modest stay preserving the fence pending appeal would cause a substantial injury.

Under the fourth factor, the public interest lies in granting the stay. The propriety of the security fence is subject to ongoing litigation. A stay would save the public fisc from expending money prematurely to remove the fence (and later rebuild it) were Defendant to prevail on the merits.

## CONCLUSION

For the reasons stated, Defendant asks this Court to stay its Order pending appeal.

DATED this 1st day of July 2026.

SCOTT E. BRADFORD
United States Attorney
District of Oregon

*/s/ James A. Blum*
JAMES A. BLUM
Assistant United States Attorney

*/s/ Tsechu Dolma*
TSECHU DOLMA

**Page 3        Motion for a Stay of Preliminary Injunction Order Pending Appeal**

Assistant United States Attorney
Attorneys for Defendant

**Page 4**        **Motion for a Stay of Preliminary Injunction Order Pending Appeal**