**SCOTT E. BRADFORD, OSB #062824**
United States Attorney
District of Oregon
**JAMES A. BLUM, OSB #257369**
**TSECHU DOLMA, WSBA #64665**
Assistant United States Attorneys
james.blum@usdoj.gov
tsechu.dolma@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204-2936
Phone: (503) 727-1000
Attorneys for Defendant

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**NAPHTALI RENSHAW; SUSAN BARNHART; TYRRAS WARREN; MICHAEL CARRIGAN; CHRISTOPER ROMPALA; and CHARLES AREFORD,**

**Plaintiffs,**

**v.**

**GENERAL SERVICES ADMINISTRATION,**

**Defendant.**

**Case No. 6:26-cv-01127-MTK**

**STIPULATED PROTECTIVE ORDER**

One or more of the parties has requested redaction of information in the forthcoming administrative record that at least one party considers to be sensitive information meriting protection under Federal Rule of Civil Procedure 5.2(e). Specifically, this information consists of the names, government email addresses, and government telephone numbers of certain non-public facing government employees whose identities and contact information are not necessary for

public understanding of the administrative record and whose information the government considers sensitive.

The parties agree that good cause exists to protect this information. This action concerns Plaintiffs' challenge to the government's placement of a fence at the Eugene Federal Building. It is a matter that has generated publicity, and the administrative record contains the names and contact information of numerous government employees who do not occupy a public-facing role in general or in this matter specifically. The parties agree that the entry of this Stipulated Protective Order ("Protective Order") is warranted to protect the privacy of these individuals.

Based upon the above stipulation of the parties, and the Court being duly advised and finding that good cause exists, IT IS HEREBY ORDERED as follows:

1. The names, government email addresses, and government telephone numbers of certain non-public facing government employees whose identities and contact information are not necessary for public understanding of the administrative record and whose information the government considers sensitive shall be redacted from the administrative record to be lodged with the Court.
2. At the time Defendant lodges the administrative record (including any supplementations) with the Court, it shall provide the Court (under seal) and Plaintiffs a copy of a redaction log that contains the redacted information and its location in the administrative record.
3. All information redacted from the administrative record shall be used only in this proceeding.
4. Use of any redacted information subject to this Protective Order shall be restricted solely to the litigation of this case and shall not be used by any party for any business,

commercial, or competitive purpose. This Protective Order, however, does not restrict the disclosure or use of any information lawfully obtained by any party through means or sources outside of this litigation. Should a dispute arise as to any specific information, the burden shall be on the party claiming that such information was lawfully obtained through means and sources outside of this litigation.

5. Any public filings of documents from the administrative record shall be filed in their redacted form.

6. Any filings with the Court containing the redacted information shall be filed under seal and marked as follows or in substantially similar form:

   CONFIDENTIAL

   IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 7 OF THE PROTECTIVE ORDER.

7. Use of any of the redacted information shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

   a. Outside counsel of record for the parties, and the administrative staff of outside counsel's firms.

   b. In-house counsel for the parties, and the administrative staff for each in-house counsel.

   c. Any party to this action who is an individual, and every employee, director, officer, or manager of any party to this action who is not an individual, but only to the extent necessary to further the interest of the parties in this litigation.

   d. Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this

litigation, but only to the extent necessary to further the interest of the parties in this litigation.

e. The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action,

f. The authors and the original recipients of the documents.

g. Any court reporter or videographer reporting a deposition.

h. Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action.

8. Prior to being shown any redacted information, any person listed under paragraph 7(c) or 7(d) shall agree to be bound by the terms of this Protective Order by signing the agreement attached as Exhibit A.

9. Whenever information redacted pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding, any party may exclude from the room any person, other than persons designated in paragraphs 7 and 8, as appropriate, for that portion of the deposition, hearing, or pre-trial proceeding.

10. Each party reserves the right to dispute the confidential status of information redacted pursuant to this Protective Order. If the parties are unable to resolve their dispute through conferral, a party may file an appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the information in dispute. Regardless of which party files the motion, the party seeking to redact information bears the burden of establishing good cause for why the information should be protected. A party who disagrees with another party's designation must nevertheless

abide by that designation until the matter is resolved by agreement of the parties or by Order of the Court.

11. This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony, or other information.
12. Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of redacted information, or other modifications, subject to an Order by the Court.
13. The restrictions on disclosure and use of redacted information shall survive the conclusion of this action, and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

So stipulated:

*/s/ Marianne Dugan*
MARIANNE DUGAN
OSB #932568

*/s/ Lauren Regan*
LAUREN REGAN
OSB #970878

CIVIL LIBERTIES DEFENSE CENTER
1711 Willamette Street, Suite 301 #359
Eugene, OR 97401
(541) 687-9180
mdugan@cldc.org
lregan@cldc.org

Attorneys for Plaintiffs

SCOTT E. BRADFORD
United States Attorney
District of Oregon

*/s/ James A. Blum*
JAMES A. BLUM
Assistant United States Attorney

*/s/ Tsechu Dolma*
TSECHU DOLMA
Assistant United States Attorney

Attorneys for Defendant

The Court has reviewed the reasons offered in support of entry of this Stipulated Protective Order and finds that there is good cause to protect the confidential nature of certain information. Accordingly, the Court adopts the above Stipulated Protective Order in this action.

**IT IS SO ORDERED.**

DATED: 9/8/2026

MUSTAFA T. KASUBHAI (he/him)
United States District Judge

EXHIBIT A

I, ________________________, have been advised by counsel of record for _________________________ in ________________________________________________________ of the Protective Order governing the delivery, publication, and disclosure of redacted information from the administrative record in this litigation. I have read a copy of the Protective Order and agree to abide by its terms.

_______________________________________
Signed

_______________________________________
Printed

_______________________________________
Name Date